UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher W. Martin, | ) | C/A No. 2:26-cv-00537-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Santander Bank, Santander Bank U.S., Santander Bank N.A., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Chrisotpher W. Martin ("Plaintiff"), a non-prisoner litigant proceeding *pro se*, brings this civil action against the above-named Defendants. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. This action is subject to dismissal for failure to prosecute.[1]

Plaintiff commenced this action on February 9, 2026, by filing a Complaint, certain incomplete proposed service documents, a Motion for leave to proceed *in forma pauperis*, a

---

[1] General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), provides, in pertinent part, as follows:

> If the *pro se* litigant does not comply with the order to bring the case into proper form, the Clerk of Court shall forward the case to the assigned Magistrate Judge for a Report and Recommendation that the assigned District Judge or Senior District Judge dismiss the case without prejudice for lack of prosecution under Rule 41 of the Federal Rules of Civil Procedure.

*Id*. at 2. Because Plaintiff is a non-prisoner litigant, proceeding *pro se*, the undersigned enters this Report and Recommendation, recommending dismissal under Rule 41.

1

Motion for temporary restraining order and/or preliminary injunction, a Motion for immediate hearing, and a Motion for expedited consideration. ECF Nos. 1; 3; 4; 5; 6; 7. The action was originally assigned to the Honorable Molly H. Cherry but was reassigned to the undersigned on April 14, 2026. ECF No. 13.

On February 17, 2026, the Court issued a proper form Order, directing Plaintiff to bring the case into proper form in accordance with that Order. ECF No. 9. That Order was mailed to Plaintiff at the address he provided to the Court as his mailing address (458 Four Seasons Blvd., Summerville, SC 29486). ECF No. 10. On April 7, 2026, the Proper Form Order was returned to the Court as undeliverable with the following notation:

RETURN TO SENDER<br>
ATTEMPTED – NOT KNOWN<br>
UNABLE TO FORWARD

ECF No. 12 at 1. The deadline to bring the case into proper form was March 10, 2026, but Plaintiff did not file any response to the Order dated February 17, 2026, and did not bring the case into proper form. Indeed, it appears that Plaintiff did not receive the Court's Order. Accordingly, by Order dated April 15, 2026, the Court again instructed Plaintiff to bring the case into proper form. ECF No. 15. That Order was mailed to the address provided by Plaintiff and has not been returned as undeliverable. ECF No. 16. That Order warned Plaintiff with the following two warnings:

> **Plaintiff is hereby warned that if he fails to response to this Order and bring the case into proper form, this action will be subject to dismissal under Rule 41 for failure to prosecute.**

> This case is not in proper form for service at this time. **If Plaintiff does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**

ECF No. 15 at 2.

2

The two Proper Form Orders both instructed Plaintiff to provide the necessary information and paperwork to bring this case into proper form for further evaluation and possible service of process. ECF Nos. 9; 15. Specifically, under General Order *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), Plaintiff was directed to (1) pay the applicable filing fee or submit a Long Form Application to Proceed without Prepayment of Fees (Form AO 239), (2) submit a proposed Summons form for the named Defendants, (3) submit a proposed Form USM-285 for each named Defendant, and (4) submit *pro se* party's answers to Local Civil Rule 26.01 (D.S.C.) interrogatories. ECF Nos. 9 at 1–2; 15 at 1–3. Plaintiff was warned in both Orders that failure to provide these documents within the timetable set in the Court's Orders may subject the case to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 9 at 1; 15 at 2.

The Orders also advised Plaintiff of his duty to always keep the Court informed as to his current address. ECF Nos. 9 at 3; 15 at 4. The Complaint form filed by Plaintiff also contains the following certification signed by Plaintiff:

> I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

ECF No. 1 at 5. The Orders were both mailed to Plaintiff at the address he provided to the Court. ECF Nos. 10; 16. Plaintiff's deadline to bring the case into proper form under the second Proper Form Order was May 6, 2026. However, Plaintiff has not responded to the second Order and the time for response has lapsed. Plaintiff has failed to provide any of the documents identified in either of the Court's Orders. Indeed, Plaintiff has made no attempt to communicate with the Court since he first filed this action, nearly three months ago.

"The Court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897-RBH, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). It also has the authority expressly recognized in Rule 41(b) to dismiss actions for failure to prosecute. Fed. R. Civ. P. 41(b) (authorizing a district court to dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (noting Rule 41"recognize[s] that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders"). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).

The United States Court of Appeals for the Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and
>
> (4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978). The Fourth Circuit has also noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case. *Ballard*, 882 F.2d at 95. For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey

his order is a critical fact that distinguishes this case from those cited by appellant. . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96.

At this point, Plaintiff has allowed multiple deadlines to pass without filing appropriate responses. Plaintiff has failed to bring the case into proper form and, critically, has not paid the applicable filing fee. Because Plaintiff is proceeding *pro se*, he is personally responsible for this failure. In this Court's Order dated February 17, 2026, the Court clearly stated "**[i]f Plaintiff does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.**" ECF No. 9 at 1 (emphasis in original). Plaintiff was also warned as follows in this Court's Order dated April 15, 2026: "**Plaintiff is hereby warned that if he fails to response to this Order and bring the case into proper form, this action will be subject to dismissal under Rule 41 for failure to prosecute.**" ECF No. 15 at 2 (emphasis in original). Because Plaintiff did not file a response to the Court's Orders, has failed to provide an updated address at which he receives his mail, and has failed to bring the case into proper form, it appears to the Court that Plaintiff wishes to abandon his case. As Plaintiff has already ignored multiple Court Orders and deadlines, the Court concludes that action less drastic than dismissal would not be effective.

Plaintiff did not respond to this Court's Orders, and the time for response has lapsed. Further, Plaintiff has failed to bring the case into proper form. Plaintiff has failed to prosecute this case and has failed to comply with multiple Orders of this Court. Accordingly, the case should be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## CONCLUSION AND RECOMMENDATION

For the reasons above, it is recommended that the District Court **DISMISS** this action without issuance and service of process, and without prejudice, pursuant to Rule 41(b) for failure to prosecute and comply with the Court's Orders. Additionally, in light of the recommendation that this action be dismissed, it is further recommended that the District Court **DENY** or **FIND MOOT** Plaintiff's Motion for leave to proceed *in forma pauperis* (ECF No. 4), Plaintiff's Motion for Temporary Restraining Order or for Preliminary Injunction (ECF No. 5), Plaintiff's Motion for Immediate Hearing (ECF No. 6), and Plaintiff's Motion for Expedited Consideration (ECF No. 7).

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

May 11, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).